Gen. 119]								119

**CRIMINAL LAW**

**HUSBAND MAY BE PROSECUTED FOR FORCIBLE RAPE OF WIFE REGARDLESS OF EVIDENCE OF COHABITATION**

August 4, 1994

*The Honorable Lawrence A. Dorsey, Jr.*
*State's Attorney for Frederick County*

You have requested our opinion whether Article 27, §464D of the Maryland Code permits an individual to be prosecuted and, if the facts warrant it, to be convicted for the rape of the individual's spouse when there is evidence of cohabitation between the two during a period of separation prior to the offense.

For the reasons given below, we conclude that if force is used in the commission of the rape, Article 27, §464D(c) permits the prosecution of an individual for the rape of the individual's spouse, regardless of any instance of cohabitation or other irrelevant factor.

**I**

**Background**

Your inquiry was prompted by a recent case in which the circuit court granted a defense motion for judgment of acquittal on rape charges. The defendant was charged with raping his wife at gunpoint. As explained in detail in Part II below, because the two were still married, Article 27, §464D(a) barred the prosecution for rape unless one of the exceptions to the marital rape exemption applied. The exception that requires both a separation and the absence of cohabitation, §464D(b), did not apply because the spouses, though separated, apparently had engaged in sexual relations after the separation date. The exception that requires not only the absence of cohabitation but also a separation pursuant to a decree of limited divorce, §464D(d), was also inapplicable.

As we understand the situation from your letter, the court also found itself unable to apply the remaining exception, §464D(c),

which permits prosecution if the defendant "uses force against the will and without the consent of the person's legal spouse." The court reasoned, according to your summary of the case, that it had to reconcile §464D(b), which requires separation and the absence of cohabitation, with §464D(c), which does not require separation and the absence of cohabitation, because both subsections refer to the same degrees of rape for which a person may be prosecuted. The court apparently was concerned that giving effect to subsection (c) would effectively nullify subsection (b), given that both refer to the same offenses. When the court was unable to reconcile the two subsections, it construed the statute in the light most favorable to the defendant. In the court's view, the fact of cohabitation meant that §464D did not allow for the prosecution of the husband. The court thus granted a judgment of acquittal on the rape charges.[1]

As explained below, we believe that this analysis is flawed. We think it appropriate, if not urgent, to issue this opinion in the hopes that this error will not be repeated in a future case.[2]

## II

### The Marital Rape Exemption

Prior to 1976, crimes regarding rape were governed by the common law. While Maryland did have a rape statute, former §461 of Article 27, it was primarily a sentencing law, fixing penalties without actually defining the crime.

Under Maryland's common law, forcible sexual intercourse with one's wife was not considered a crime. *Foxwell v. State*, 146

---

[1] The State was precluded from seeking appellate review of this decision, because the court's grant of the motion did not fall within the limited number of issues on which the State may appeal in a criminal case. *See* §12-307(c) of the Courts and Judicial Proceedings Article, Maryland Code.

[2] For purposes of this opinion, we rely on the summary of the facts of the particular case that you provided in your inquiry. The legal analysis in this opinion is not dependent upon those precise facts, however. Even if the factual summary of that case were subject to dispute in any respect, the question that you pose is of great general importance and thus deserving of an opinion.

Md. 90, 125 A. 893 (1924) (implicitly recognizing rule). *See also* Richard P. Gilbert and Charles E. Moylan, Jr., *Maryland Criminal Law: Practice and Procedure* §5.5 (1983) (in Maryland, a man cannot be convicted of raping his wife). According to some scholars, this assumption, that a man cannot be guilty of raping his wife, is traceable to the following statement made by the 17th century English jurist Lord Hale: "The husband cannot be guilty of a rape committed by himself upon his lawful wife, for by their mutual matrimonial consent and contract the wife hath given up herself in this kind unto her husband, which she cannot retract." 1 Hale, *History of Pleas of the Crown* 629 (1678). Other scholars have traced the spousal exemption to the equally antiquated theory that a wife is merely a possession or chattel of her husband, to do with as he pleases. *See* 4 W. Blackstone, *Commentaries* * 442.

The Supreme Judicial Court of Massachusetts was the first American court to recognize the marital exemption for rape, holding that it would always be a defense to rape to show marriage to the victim. *Commonwealth v. Fogerty*, 74 Mass. 489 (1857). Until very recently, virtually all courts and state legislatures adopted the view that a husband could not be convicted of raping his wife. *See, e.g., Anonymous*, 89 So. 462 (Ala. 1921); *State v. Davis*, 229 A.2d 842 (N.H. 1967); *Commonwealth v. Schilling*, 431 A.2d 1088 (Pa. 1981). In Maryland, assault and battery were the only charges for which the husband could be prosecuted when he committed a rape of his wife.[3]

In 1975, the Legislative Council of the Maryland General Assembly established the Special Committee on Rape and Related Offenses, which was charged with revising Maryland's law relating to rape and other sexual offenses. J. William Pitcher, Note, *Rape and Other Sexual Offense Law Reform in Maryland 1976-1977*, 7 U. Balt. L. Rev. 151, 155 (1977). The Committee's proposal, which was enacted as Chapter 573 of the Laws of Maryland 1976, contained a marital rape exemption. Section 464D provided that a person could not be prosecuted under the section for first degree rape, second degree rape, or third degree sexual offense if "the victim is the person's legal spouse at the time of the commission of the alleged rape or sexual offense unless the parties are living

---

[3] The common law did recognize that a husband could be charged as a principal in the crime of rape when he acted as a procurer or accomplice in arranging or permitting the rape of his wife by a third party. *See, e.g., State v. Martin*, 194 S.E.2d 60 (N.C. Ct. App.), *cert. denied*, 195 S.E.2d 691 (N.C. 1973).

separate and apart pursuant to a decree of divorce *a mensa et thoro*." Section 464D remained the same until Chapter 6 of the Laws of Maryland 1988 updated the language of §464D by removing the Latin "*a mensa et thoro*" and replacing it with "limited divorce."

## III

### Exceptions to the Marital Rape Exemption

In 1989, Maryland, like many other states during the 1980's, substantially altered its marital rape statute.[4] The current §464D provides as follows:

> (a) Except as provided in subsections (b), (c), and (d) of this section, a person may not be prosecuted under §§462, 463, 464B, and 464C of this subheading if the victim is the person's legal spouse at the time of the commission of the alleged rape or sexual offense.

> (b) A person may be prosecuted under §§ 462(a), 463(a)(1), and 464B(a)(1)(i) and (ii) of this subheading for an offense against the person's legal spouse if the person and the person's legal spouse have lived separate and apart without cohabitation and without interruption:

> (1) Pursuant to a written separation agreement executed by both the person and the person's legal spouse: or

> (2) For at least 6 months immediately before the commission of the alleged rape or sexual offense.

---

[4] Some courts declared marital rape exemptions unconstitutional. *See, e.g., People v. Liberta*, 474 N.E.2d 567 (N.Y. 1984), *cert. denied*, 471 U.S. 1020 (1985).

(c)(1) A person may be prosecuted for an offense, described in paragraph (2) of this subsection, against the person's legal spouse if the person uses force against the will and without the consent of the person's legal spouse.

(2) This subsection applies to the following offenses under this subheading:

(i) §462(a);

(ii) §463 (a)(1); and

(iii) §464(a)(1)(i) and (ii).

(d) A person may be prosecuted for an offense under §§462, 463, 464B, and 464C of this subheading against the person's legal spouse if the parties are living separate and apart without cohabitation and without interruption pursuant to a decree of limited divorce.[5]

As is true of any other statute, interpretation of the marital rape statute is to be "guided by the rule that in construing a legislative enactment the fundamental judicial task is to determine and effectuate the legislative intent." *McCready Memorial Hospital v. Hauser*, 330 Md. 497, 504, 624 A.2d 1249 (1993). We will look first "to the words of the statute, giving them their ordinary and natural import." *Fairbanks v. McCarter*, 330 Md. 39, 46, 622 A.2d 121 (1993). In the interest of completeness, we will also look at the legislative history of the statute in order to ascertain the purpose of the statute and "compare the result obtained by the plain language with that which results when the purpose of the bill is taken into account." *Harris v. State*, 331 Md. 137, 146, 626 A.2d 946 (1993).

In our view, the language of the statute is clear. The statute begins with the traditional marital rape exemption itself, §464D(a),

---

[5] Although the statutory text is gender-neutral, as it must be under the Equal Rights Amendment, to avoid awkward syntax (phrases like "the spouse who raped his or her wife or husband") and to reflect reality, this opinion henceforth will refer solely to the rape of wives by their husbands.

which generally bars prosecution of a husband for committing any of the following offenses against his wife: §462, rape in the first degree; §463, rape in the second degree; §464B, sexual offense in the third degree; and §464C, sexual offense in the fourth degree. Then follow three *separate and independent* exceptions to the exemption. If *any* of the three exceptions applies to the facts of a particular case, the husband can be prosecuted despite the general marital rape exemption.

Two of the three exceptions address the relationship between the spouses at the time of the offense. If the spouses "are living separate and apart without cohabitation and without interruption pursuant to a decree of limited divorce," the husband may be prosecuted for any of the offenses listed in the exemption itself. §464D(d). Even when there is no limited divorce decree, if the parties have lived separate and apart, either pursuant to a legal separation agreement or for a period of at least six months, and there has been no cohabitation, the husband may be prosecuted under §462(a), first degree rape, an element of which is "force or threat of force";[6] §463(a)(1), second degree rape involving force or threat of force; and §464B(a)(1)(i) and (ii), third degree sexual offense involving use of a weapon or the infliction of serious physical injury. Article 27, §464D(b).

The third exception, §464D(c), has nothing to do with whether the spouses are separated or have cohabited. If force was used in the commission of an offense under §§462(a), 463(a)(1), or 464B(a)(1)(i) or (ii), the husband may be prosecuted. No fact about the relationship between the spouses is material to this exception.

Even though subsections (b) and (c) refer to the same degrees of sexual offenses for which a husband may be prosecuted, they do not have to be reconciled, because they address two separate and distinct circumstances. For subsection (b) to apply, force in the commission of the rape is not a prerequisite; threat of force alone would suffice, if separation and the absence of cohabitation are shown. For subsection (c) to apply, separation and the absence of cohabitation are not prerequisites, but force in the commission of the rape must be shown.

---

[6] These terms are not defined; they "retain their judicially determined meaning ...." §464E.

To be sure, the cases do not always draw a sharp distinction between "force" and "threat of force." *See Hazel v. State*, 221 Md. 464, 469, 157 A.2d 292 (1960); *Robinson v. State*, 67 Md. App. 445, 457-58, 508 A.2d 159, *cert. denied*, 307 Md. 261 (1986). Nevertheless, there is a distinction. *See State v. Rusk,* 289 Md. 230, 246, 427 A.2d 720 (1981) (words and behavior constituted "threats of force"; putting of hands on throat constituted "actual force"); *Goldberg v. State*, 41 Md. App. 58, 66, 395 A.2d 1213 (1979) (analyzing whether "actual or constructive force" was used after concluding that "[t]here was certainly no 'threat of force'"). Ordinarily, the decision whether "force" was used, as distinct from "threat of force," would be a jury issue. *See State v. Rusk*, 289 Md. at 245-46. *Cf. Silbert v. State*, 301 Md. 141, 482 A.2d 483 (1984) (jury entitled to determine whether factual underpinning for "honest belief" defense to theft charges existed).

As you summarized the evidence presented by the State in the case that prompted your inquiry, the defendant took the victim "to an isolated area and raped her at gunpoint. The victim stated she repeatedly attempted to get out of the vehicle but the doors were locked." These facts surely presented a jury question about the defendant's use of force:

> [F]orce may exist without violence. If the acts and threats of the defendant were reasonably calculated to create in the mind of the victim − having regard to the circumstances in which she was placed − a real apprehension, due to fear, of imminent bodily harm, serious enough to impair or overcome her will to resist, then such acts and threats are the equivalent of force.

*Hazel v. State*, 221 Md. at 469.

Our construction of the statute has the important benefit of giving meaning to both subsection (b) and subsection (c). "[A]bsent a clear intent to the contrary, a statue is to be read so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory." *Montgomery Count v. Buckman*, 333 Md. 516, 523-24, 636 A.2d 448 (1994).

Here, there is "clear intent" that subsection (c) is to be given straightforward application to cases of forcible spousal rape. The General Assembly's intent that a husband could be prosecuted for

the forcible rape of his wife, regardless of whether there was a separation or cohabitation, is well-documented in the legislative history of §464D. The Senate Judicial Proceedings Floor Report on House Bill 399, which would later become Chapter 189 of the Laws of 1989, summarizes the bill as follows:

> This bill permits the prosecution of a person for certain specified sexual offenses ... if the person and the person's spouse have lived separate and apart without cohabitation and without interruption pursuant to a written separation agreement executed by both spouses or for at least 6 months immediately before the commission of the alleged offense.
>
> The bill *also* permits prosecution for the same specified sexual offenses committed by a person against the person's legal spouse, regardless of whether the parties are separated, if the person uses force against the will and without the consent of the person's legal spouse.

(Emphasis added). Furthermore, Senator Vernon Boozer, sponsor of Senate Bill 389, the companion bill to House Bill 399, testified to the Senate Judicial Proceedings Committee that "[the bill] provides that a husband can be prosecuted for rape and other sexual offenses against his wife, whether they are living together or apart." *See also* Position Statement by the Maryland Commission of Women on House Bill 399 (bill would protect spousal victims from marital rape when the parties are living together or living apart); memorandum from the Maryland Network Against Domestic Violence to House Judiciary Committee regarding House Bill 399 (February 16, 1989) (husband could be prosecuted when parties are still living together); testimony of Division Chief of the Sexual Offense Unit of the State's Attorney for Baltimore City on House Bill 399 (February 15, 1989) (an individual who commits the criminal act of rape would be prosecuted regardless of the marital relationship).

Thus, the language of §464D and the legislative history of the statute unmistakably reveal the Legislature's intent that a husband may be prosecuted for the forcible rape of his wife, even when they still live together or, if separated, have had sexual relations.

## IV

## Conclusion

In summary, it is our opinion that Article 27, §464D(c) allows a prosecution for spousal rape when force is used, whether or not the spouses are separated or have refrained from cohabitation.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz*
*Chief Counsel*
*Opinions & Advice*

*Amanda Stakem Conn, a volunteer intern in the Opinions Division, contributed substantially to the preparation of this opinion.

### *Editor's Note:*

In *Lane v. State*, 348 Md. 272 (1997), the Court of Appeals construed Article 27, §464D in a manner consistent with the analysis in this opinion.